UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 7: 23-009-DCR |
| ) | |
| V. ) | |
| ) | |
| JASON NOAH STAMPER, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jason Stamper seeks revocation of the Detention Order entered by United States Magistrate Judge Edward B. Atkins on November 1, 2023. A hearing on the defendant's motion was held this date. Stamper's motion will be denied because compelling evidence indicates that he is unlikely to abide by any condition or combination of conditions of release.

**I.**

Stamper, a physician, is charged with four counts of distributing amphetamine outside the scope of professional practice and not for a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). United States Magistrate Judge Atkins advised Stamper during his initial appearance and arraignment on June 1, 2023, that despite the provisions of the Bail Reform Act, he was not eligible for pretrial release, as there was an active arrest warrant pending against Stamper in the Floyd County District Court.

Stamper filed a motion to reopen the detention issue on July 12, 2023. [Record No. 16] In support of the motion, he provided documentation indicating that he was no longer subject to a warrant or custodial sentence in state court. [Record No. 16-1] Magistrate Judge Atkins

held a detention hearing on July 18, 2023. Despite the existence of a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3), the United States withdrew its motion for detention pending trial. [Record No. 21] Stamper was released on a number of conditions including that refrain from violating federal, state, or local law while on release and that he "not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a medical practitioner." *See* 18 U.S.C. § 3142(c). [Record No. 22] Stamper commenced supervision in the Middle District of Tennessee where he resided with his mother.

On October 25, 2023, the Court received a report from the United States Probation Office for the Eastern District of Kentucky. A Probation Officer in the Middle of District of Tennessee advised the Probation Officer in this district that Stamper submitted a urine sample on October 16, 2023, which tested positive for the use of methamphetamine, a controlled substance. Stamper subsequently admitted that he had consumed methamphetamine and laboratory testing confirmed the results of the earlier urinalysis administered by the Probation Officer. Magistrate Judge Atkins scheduled the matter for a hearing upon learning of this potential violation of the defendant's release conditions.

During the hearing held on November 1, 2023, Stamper stipulated to the use of amphetamine and conceded that his conduct constituted a violation of the conditions of his release. The United States orally moved for detention. However, Stamper requested to remain on bond, pointing out that he had passed other drug tests and maintained employment during his period of supervision. Counsel for the defendant argued that Stamper's isolated use of amphetamine constituted a "severe lapse in judgment" and was an effort to self-medicate symptoms of anxiety and depression.

Magistrate Judge Atkins expressed serious concern with respect to Stamper's history of methamphetamine use. He also was troubled regarding Stamper's apparent dishonesty to probation officers during his bond interview and when initially confronted with the suspected bond violation. Ultimately, the Magistrate Judge determined, based on Stamper's past drug usage, his present conduct, and his untruthfulness, that release was not appropriate under 18 U.S.C. § 3148.

## II.

Stamper seeks review of the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). This Court may review the Magistrate Judge's decision *de novo*. *United States v. Crane*, 2015 WL 4424957, at *2 (E.D. Ky. July 17, 2015) (citing *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000)) (noting that "although the Sixth Circuit has not mandated a particular standard of review, the 'majority view appears to favor . . . *de novo* review of detention orders'").

Title 18 U.S.C. § 3148 provides that sanctions for violation of a release condition include revocation of release, an order of detention, and prosecution for contempt of court. Revocation of release and detention are required if the reviewing judicial officer

> (1) finds that there is . . . (B) clear and convincing evidence that the person has violated any other condition of release; **and**
>
> (2) finds that (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; **or** (B) the person is unlikely to abide by any condition or combination of conditions of release.

§ 3148(b) (emphasis added).

Stamper concedes that § 3148(b)(1) is not in issue because he admits having violated the condition of release prohibiting him from using controlled substances. Accordingly, the Court's analysis is limited to § 3148(b)(2). Stamper focuses entirely on § 3148(b)(2)(A), arguing that the § 3142(g) factors, including strong family ties, current employment, and overall lack of criminal history support release. And during the hearing held this date, counsel noted that mental health treatment and treatment for attention deficit hyperactivity disorder would lessen the risk of subsequent illegal drug use. But § 3148(b)(2)(A) is written in the disjunctive, and the Court may determine that detention is appropriate based solely on the fact that the defendant is unlikely to abide by the conditions of release. *Crane*, 2015 WL 4424957, *3 n.4 (E.D. Ky. July 15, 2015) (observing that "[a] straightforward reading of the statute makes clear that a finding that a person is unlikely to abide by any condition of release is sufficient to satisfy 18 U.S.C. § 3148(b)(2)).

The Magistrate Judge's decision was based on a belief that Stamper either would not or could not refrain from using methamphetamine. As the Magistrate Judge noted, it appears that Stamper was untruthful during his bond interview when he advised the United States Probation Officer that he had not used controlled substances, including methamphetamine, since his early forties. Stamper was fifty-one years of age at the time of his bond report and, according to the United States, a search of his residence in December 2022 yielded drugs and paraphernalia, including a syringe loaded with methamphetamine solution located on his bedside table. The government also reported that a search of Stamper's phone revealed numerous messages indicating drug seeking activity well after he claimed to have ceased using drugs. Finally, with respect to the current violation, the attorney for the United States reported

that Stamper initially denied using drugs and only admitted the truth to his Probation Officer "when he saw the writing on the wall."

### III.

The defendant was advised of the consequences of not complying with the conditions of his release at the time they were imposed. Despite the gravity of the situation, he committed a serious violation by using methamphetamine. Given the circumstances, the Court cannot find that he will now begin complying with his conditions of release. This conclusion is not altered by any further mental health or substance abuse treatment that the defendant might receive in the near term.

In summary, having reviewed this matter *de novo*, the Court concludes that the defendant is unlikely to abide by any condition or combination of conditions of release and, therefore, detention is necessary in this matter. Accordingly, it is hereby

**ORDERED** that the defendant's motion to revoke the Magistrate Judge's detention order [Record No. 36] is **DENIED**.

Dated: December 8, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky