UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-9-DCR

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　　PLAINTIFF

V.　　　　　　　　　　　　　PLEA AGREEMENT

JASON NOAH STAMPER　　　　　　　　　　　　　　　　　　　　　DEFENDANT

* * * * *

1.　Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging knowing distribution of amphetamine outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, and the United States will move at sentencing to dismiss Counts Two, Three, and Four of the Indictment, unless the Defendant breaches this Agreement.

2.　The essential elements of the Count One are:

　　(a)　The Defendant knowingly or intentionally distributed or dispensed amphetamine, a Schedule II controlled substance;

　　(b)　The Defendant knew at the time of distribution that the substance was a controlled substance;

    (c)    The Defendant's distribution or dispensing was unauthorized, that is to say the distribution or dispensing was not for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice; and

    (d)    The Defendant knew that his distribution or dispensing was unauthorized.

3. The United States could prove the following facts that establish the essential elements of Count One beyond a reasonable doubt, and the Defendant admits these facts:

(a) Between April 15, 2022, and September 27, 2022, a DEA Task Force Officer (the "UC") made 6 undercover patient visits at Defendant's clinic, where he was the sole doctor. In those visits, Defendant prescribed Schedule II (Ritalin and Adderall) controlled substances outside the usual course of professional practice and without a legitimate medical purpose. For instance, at the initial visit, the Defendant prescribed the UC Ritalin after the UC said he wanted something to give him a "kick in the britches." Other than cursory blood-pressure and lung-sound checks (on a few, but not all of the visits), Defendant performed no medical examinations, did not inquire into legitimate medical need for the prescriptions, took no action when the UC failed to secure blood work as directed for 5 straight visits, increased doses and/or switched between controlled substances (Ritalin to Adderall) without explanation.

(b) During the June 7, 2022, visit, the UC advised Defendant that the Ritalin he was prescribed during the prior visit had no effect. Without further inquiry, the Defendant advised he would increase the UC's Adderall dose to 10 mg twice per day (the equivalent of 8 times the original dose of Ritalin) and advised that he would then up that dose to 30 mg twice per day at a subsequent visit without any explanation of medical justification for the increased dosage or switch to the more potent stimulant.

4. The statutory punishment for Count One is not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. §§ 1B1.3 & 2D1.1, the base offense level is 24 because all of Defendant's acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction and included more than 5g but less than 20g of actual amphetamine.

    (c) Pursuant to U.S.S.G. §3B1.3, increase the offense level by 2 levels because the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. If the Defendant's criminal history score, as determined by the Court at sentencing, is zero, the United States agrees not to recommend an upward variance. If the Defendant's criminal history score, as determined by the Court at sentencing, is two, the United States agrees not to recommend a sentence above the middle of the Court-determined Guideline range.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

|  |  |
|---|---|
|  | CARLTON S. SHIER, IV<br>UNITED STATES ATTORNEY |
| Date: 3/12/2024 By: | *[signature]*<br>W. Pearce Nesbitt<br>Assistant United States Attorney |
| Date: 3/12/2024 | *[signature]*<br>Jason Noah Stamper<br>Defendant |
| Date: 3/12/2024 | Noah Friend w/p<br>Noah Friend<br>Attorney for Defendant |