UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. **7:23-CR-9-DCR**

UNITED STATES OF AMERICA                                    PLAINTIFF

V.      **MEMORANDUM REGARDING UNRESOLVED PIR OBJECTION**

JASON STAMPER                                          DEFENDANT

\* \* \* \* \*

The United States submits this Memorandum to address the Defendant's lone unresolved objection to the Presentence Investigation Report ("PIR") impacting the Guideline range.

### I. STANDARDS

As is known to this Court, "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007). "The government's burden is

1

triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id.* (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

## II.   ANALYSIS

Defendant Stamper challenges the 2 points the PIR scores for a 12-month sentence imposed after a state, *in absentia* trial. *See* DE 64. Though the Guidelines limit circumstances in which a Defendant may collaterally attack a prior sentence, there is one key exception: "[A] defendant in a federal sentencing proceeding has no right to collaterally attack the validity of his previous state convictions, with the sole exception of

convictions obtained in violation of the right to counsel." *United States v. Lalonde*, 509 F.3d 750, 767 (6th Cir. 2007) (citing *Custis v. United States,* 511 U.S. 485, 487, 114 S. Ct. 1732, 128 L.Ed.2d 517 (1994)). The caselaw is clear that the right to counsel attaches to misdemeanor prosecutions if a sentence of imprisonment is imposed. *See Alabama v. Shelton*, 535 U.S. 654, 664, 122 S. Ct. 1764, 1771, 152 L. Ed. 2d 888 (2002) ("[N]either *Nichols* nor *Gagnon* altered or diminished *Argersinger's* command that no person may be imprisoned *for any offense* ... unless he was represented by counsel at his trial[.]" (emphasis in original) (citations and quotation marks omitted)). Accordingly, the Government, after fulsome research on the issue, concedes that the original judgment in the ¶ 32 conviction was imposed in violation of the Defendant's right to counsel.

The subsequent judgment, imposing a sentence of probation on June 19, 2023, does appear to have been imposed with the benefit of counsel. However, the 2 points scored for this conviction, stemming from a 67-day time-served calculation, are necessarily tied to the original judgment, as the subsequent judgment imposed only probation. Thus, the Government's view is that the ¶ 32 conviction should receive only a single point based on the probation sentence.

### III.  CONCLUSION

For these reasons, the Court should partly sustain the pending criminal history objection.

.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: /s/ W. Pearce Nesbitt
     Assistant United States Attorney
     601 Meyers Baker Road, 2nd Floor
     London, Kentucky 40741
     (606) 330-4833
     william.nesbitt@usdoj.gov

**CERTIFICATE OF SERVICE**

On July 10, 2024, I electronically filed this document through the ECF system, which will send the notice of electronic filing to counsel of record.

s/ W. Pearce Nesbitt
Assistant United States Attorney
